# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>BRISTOL WEST dba FARMERS INSURANCE GROUP, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00563-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFFS TO PAY THE FILING FEE<br><br>(ECF Nos. 4, 5, 8, 9)<br><br>**FOURTEEN DAY DEADLINE** |

Emma Dunn and Alana Dunn (collectively, "Plaintiffs"), proceeding *pro se*, filed this action on May 12, 2025.[1] (ECF No. 1.) Plaintiffs did not pay the filing fee, nor did they submit applications to proceed *in forma pauperis*. (ECF No. 2.) On May 14, 2025, the Court ordered that Plaintiffs either (1) pay one $405.00 filing fee for this action; or (2) each Plaintiff submit an application to proceed *in forma pauperis*, completed and signed, within twenty-one (21) days of service of the order. (Id.)

On June 9, 2025, Plaintiffs each filed incomplete short form applications to proceed *in formal pauperis*. (ECF Nos. 4, 5.) Because the Court could not determine from the information

---

[1] Plaintiffs filed what appeared to be two separate complaints, separated by different caption pages, within the same document. The Clerk of Court filed each complaint in separate actions. See Case. No. 25-cv-00565-JLT-BAM.

1

provided in the incomplete applications whether Plaintiffs are entitled to proceed in this action without prepayment of fees, on June 11, 2025, the Court ordered Plaintiffs to file long form applications or pay one filing fee. (ECF Nos. 6, 7.)  On June 26, 2025, Plaintiffs filed long form applications to proceed *in forma pauperis*.  (ECF Nos. 8, 9.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

In Plaintiff Emma Dunn's long form application, she proffers that her average monthly income over the past 12 months totals $1,792.00 from the following sources: $1,565 in disability and $227.00 in food stamps. (ECF No. 9 at 2.)  Although Plaintiff Emma Dunn lists her 31-year-old son as a dependent, she also notes that her son assists her with expenses for food and utilities. (ECF No. 9.)  Not accounting for her son's contribution, Plaintiff Emma Dunn's annual

household income amounts to $21,504.00, which only slightly exceeds the poverty guideline for a two person household ($21,150).  2025 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited June 27, 2025).  The Court finds Emma Dunn qualifies to proceed *in forma pauperis.*

In Plaintiff Alana Dunn's long form application, she proffers that her average monthly income over the past 12 months totals $8,580.00 from the following sources: $4,600 from employment and $3,980 in supplemental security income. (ECF No. 8 at 1-2.)  Plaintiff indicates that she does not expect any major changes to her income over the next 12 months. (Id. at 5.) Plaintiff claims four dependents. (Id. at 3.)  Plaintiff claims monthly expenses in the amount of: (1) $2,505.00 in rent; (2) $475.00 for utilities; (3) $1,500.00 for food; (4) $150.00 for clothing; (5) $200.00 for laundry and dry-cleaning; (6) $200.00 in transportation; (7) $519.00 for recreation, entertainment, newspapers, magazines, etc.; (8) $120.00 for vehicle insurance; (9) $650.00 for unspecified "other" insurance that is not homeowners, renters, auto, life, or health insurance; (10) $1,104.00 monthly vehicle payments; (11) $110.00 monthly credit card payments; (12) $117.00 for payments to an unspecified department store; and (13) $1,000 in "other" installment payments that are not related to a vehicle, credit card, or a department store.  This totals $8,650.00 per month in claimed expenses.[2]  Plaintiff also claims one asset: a 2019 Chevy Tahoe proffered to be valued at $42,500 to $47,000. (ECF No. 8 at 3 (proffering the vehicle is valued at $42,500.00); ECF No. 5 at 2 (proffering the vehicle is worth $47,000.00).)

The Court finds the information contained in Plaintiff Alana Dunn's application is inconsistent with a finding of poverty based on household income, stated expenses, and stated assets.  Plaintiff's annual household income is $102,960.00, which is nearly three times the poverty guideline for a five person household ($37,650). 2025 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited June 27, 2025).  The Court recognizes Plaintiff's current claimed expenses per month exceed her claimed monthly income.  District courts, however, tend to reject IFP applications where the applicant can

---

[2] The Court notes that Plaintiff's calculated total entered in the application is $8,519.00.  The Court considers the higher total monthly expenses in the amount of $8,650.00.

3

1  pay the filing fee with acceptable sacrifice to other expenses. Pogue v. San Diego Superior Ct.,
2  No. 17-CV-01091-BAS-JMA, 2017 WL 11094959, at *1 (S.D. Cal. May 30, 2017).  One
3  example here is Plaintiff's proffer of monthly recreational expenses exceeding $500, which itself
4  exceeds the $405 civil filing fee.[3] It does not appear that Plaintiff would be rendered destitute by
5  paying the filing fee of $405. The Court thus finds the information contained in Plaintiff Alana
6  Dunn's application to be inconsistent with a finding of poverty.

7  "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in
8  forma pauperis unless *all of them* demonstrate inability to pay the filing fee." Darden v. Indymac
9  Bancorp, Inc., No. Civ S–09 2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23,
10  2009) (finding that in forma pauperis applications failed to establish that each plaintiff was unable
11  to pay the filing fee or that the five plaintiffs together could not pay the filing fee); see also
12  Anderson v. California, No. 10-cv-2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27,
13  2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to
14  proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). Even if Plaintiff Emma
15  Dunn individually qualifies to proceed *in forma pauperis*, Alana Dunn is also a named party in
16  this action. Because the Court recommends finding Plaintiff Alana Dunn fails to establish she is
17  unable to pay the filing fee, the Court recommends denying her application to proceed *in forma*
18  *pauperis* and requiring Plaintiffs to pay **one** filing fee to proceed in this action.

19  Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in*
20  *forma pauperis* be DENIED and Plaintiffs be ordered to pay the $405.00 filing fee for this action.

21  These findings and recommendations are submitted to the district judge assigned to this
22  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen**
23  **(14) days** of service of this recommendation, Plaintiff may file written objections to these
24  findings and recommendations with the Court limited to 15 pages in length, including any
25  exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and
26  Recommendations." The district judge will review the magistrate judge's findings and

---

[3] Review of the information before the Court also reveals several ambiguities, such as $650 per month for "other" insurance that is not related to homeowners, renters, auto, medical, dental, or life insurance and $1,000 per month for "other" monthly installments that is not related to vehicles, credit cards, or department stores. (ECF No. 8 at 4.)

4

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 30, 2025**

STANLEY A. BOONE
United States Magistrate Judge