UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA DUNN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BRISTOL WEST dba FARMERS INSURANCE GROUP, et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00563-KES-SAB<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY THE FILING FEE |

　　　　On July 23, 2025, the Court ordered plaintiffs to pay the $405 filing fee within 30 days as plaintiff Alana Dunn was not entitled to proceed *in forma pauperis* in this matter. Doc. 13. The Court warned plaintiffs that failure to pay the required filing fee as ordered would result in dismissal of this action without further notice. *Id.* at 2. Despite the Court's warning, more than 30 days have passed, and plaintiffs have failed to pay the required filing fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

　　　　In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

1986).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Because defendants have not appeared yet and the action cannot proceed if plaintiffs have not paid the filing fee, the third factor also supports dismissal.  Finally, the Court's "a district court's warning to [plaintiffs] that [] failure to obey the court's order [would] result in dismissal [] satisf[ies] the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.  Consequently, the *Henderson* factors weigh in favor of dismissal for plaintiffs' failure to pay the filing fee as ordered.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

    Accordingly:

1. Plaintiff's complaint is DISMISSED without prejudice.
2. All pending matters, including the motion to amend the caption, Doc. 10, are terminated.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 21, 2025

UNITED STATES DISTRICT JUDGE

2